IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Vincente Lopez, Jr.,                                  Case Nos. 3:19-CR-00294-21;
                                                                     and 3:23-CV-00271
           Petitioner-Defendant,

                  v.                                                        ORDER

United State of America,

           Respondent-Plaintiff.

This is a federal prisoner petition for relief under 28 U.S.C. § 2255. (Doc. 1012).

Petitioner pled guilty, pursuant to a Plea Agreement, to one count of conspiracy to distribute controlled substances and one count of distribution of Fentanyl. (Doc. 699, pgID 4771–72). At sentencing, he received a sentence of 160 months, to be followed by a fifteen-year period of supervised release. Petitioner's sentence of 160 months was a downward variance from his Guideline Range of 188 to 235 months.

Petitioner did not appeal. He claims that he instructed his attorney to file an appeal, but his attorney did not do so.  He does not indicate when he made that request. Solely for purposes of this Order, I assume he did so in sufficient time to enable the attorney to file a notice of appeal within the fourteen-day limitations period.

Petitioner asserts four grounds for relief:

1. the drug weight attributed to him at sentencing was not supported by the evidence, and defense counsel failed to object or appeal (Doc. 1012, pgID 8750);

2. application of the U.S.S.G. § 3B1.1(c) sentencing enhancement was error, and defense counsel failed to object or appeal (*Id.*, pgID 8751);

3. defense counsel was ineffective by failing to file a notice of appeal and appealing Petitioner's "excessive sentences" (*Id.*, pgID 8753); and

4. his fifteen-year term of supervised release is excessive, and counsel was ineffective for failing to object (*Id.*, pgID 8754).

The government opposes the Petition. (Doc. 1215). Petitioner has filed a Traverse to that response. (Doc. 1021).

## Discussion

In essence, Petitioner claims that he asked his attorney to file a notice of appeal, but counsel ignored his request and thereby, according to Petitioner, failed to provide constitutionally adequate representation.

Whether Petitioner asked counsel to appeal does not matter. What matters is that Petitioner's Plea Agreement, as an unequivocal admission made under oath at his plea-taking and sentencing, belie absolutely the factual assertions on which he bases his Petition.

Petitioner phrases his Petition so that it, on its face, appears to fall within one of the three grounds on which, under his Plea Agreement, he could appeal—namely, constitutionally deficient representation. But the indisputable facts of record show that, *per Strickland v. Washington*, 466 U.S. 668 (1984), counsel's alleged failure to file an appeal neither was constitutionally deficient nor caused consequent prejudice.

In Ground One, Petitioner asserts that the drug weight attributed to him at sentencing "was erroneous and not supported by evidence of any indicia of reliability . . . ." (Doc. 1012, pgID 8750). Not so. The Plea Agreement specifies the drug and weight attributable to Petitioner, "9 kilograms of heroin and at least 100 grams of fentanyl." (Doc. 699, pgID 4776).

As is routine, the Presentence Investigation Report ("PSR") incorporated the Plea Agreement's drug weight allocation. (Doc. 803, pgID 6181) (sealed).

2

During the change of plea hearing, the prosecutor recited the Plea Agreement's statement of the factual basis for the Petitioner's guilty plea. (Apr. 21, 2021 Hr'g Tr. 30:3–32:21).[1] Before she did so, I told the Petitioner to "listen very carefully" and "[i]f there's anything not true or inaccurate, say so . . . ." (*Id.*, at 29:16–25).

After the prosecutor completed her reading of the factual basis, I asked the Petitioner if he heard what the prosecutor said, and he responded "yes." (*Id.*, at 32:22–24). The Petitioner, under oath, acknowledged the accuracy of the factual basis. (*Id.*, at 32:25–33:1).

Thus, Petitioner's cornerstone contention—that the drug weight attributable to him "was erroneous and not supported by evidence with any indicia of reliability" (Doc. 1012, pgID 8750)—is simply wrong. What better, more credible, and more reliable evidence was there than Petitioner's own unequivocal admission *under oath*, when the truthfulness of what he said was crucial?

Without his acknowledgement during the plea-taking as to the accuracy of the drug weight for which he was responsible, I could not and would not have accepted his guilty plea. The case would have proceeded to trial. And, in accord with the Petitioner's anticipation, as expressed during the plea-taking, conviction would have resulted. (*See* Apr. 21, 2021 Hr'g Tr. 23:6–14) ("[COURT:] . . . [W]hat do you think the jury would decide at the end of hearing all of that evidence? [DEFENDANT:] I believe that I am guilty, Your Honor.").

There is no merit to Petitioner's first ground for relief.

---

[1] References and citations to the transcripts of the April 21, 2021 change of plea hearing and the August 17, 2021 sentencing hearing are to the rough transcripts that I have acquired solely for the purpose of this Order. If further proceedings necessitate the filing of final and certified transcripts, such transcripts can be ordered by the parties.

In Ground Two, Petitioner similarly claims that a two-level enhancement for his supplier-level role in the offense was erroneous. (Doc. 1012, pgID 8751–52). Accordingly, he asserts that his attorney's failure to appeal the alleged error manifested constitutionally inadequate assistance of counsel. (*Id.*)

Here again, the record belies his claim. During the plea-taking, Petitioner acknowledged that he had read and understood the Plea Agreement. (Apr. 21, 2021 Hr'g Tr. 28:11–28). He also acknowledged that his attorney had taken enough time and attention to his case to answer any questions he may have had about it. (*Id.*, at 24:17–27:12).

Moreover, during both the plea-taking and sentencing hearings, the prosecutor discussed—indeed, at sentencing, highlighted—Petitioner's role from the inception of the conspiracy. (*Id.*, at 30:22–32:12; Aug. 12, 2021 Hr'g Tr. 19:23–24:1).

After accepting his plea, I told Petitioner that he would have an opportunity to review an initial draft of the PSR. (Apr. 21, 2021 Hr'g Tr. 35:12–36:14). Also, I told him that he should let his attorney know of any factual errors so that the attorney could call them to my attention. Specifically, I said, "If there's any objections legal or factual still to be decided, I will hear you out then and we will make up my mind at sentencing." (*Id.*, at 36:3–14). The Petitioner said he understood. (*Id.*).

In any event, the Petitioner's acknowledgement at the outset of the sentencing hearing, that he read and understood the PSR and what it said and meant constituted an implicit admission as to the accuracy of the assessment of his role in the offense and resulting enhancement. (Aug. 12, 2021 Hr'g Tr. 14:2–10) ("[COURT:] . . . Did you understand what [the PSR] says and what it means? [DEFENDANT:] More than so, yes.")

4

Moreover, Petitioner does not contend that, at any time, he told his attorney that either the drug weight calculation or enhancement for his role in the offense was wrong. Instead, he merely claims that his attorney should have appealed those matters.

Nor, during his statement in mitigation shortly before I pronounced sentence, did he complain about the prosecutor's description of his role in the offense.

There is no merit whatsoever to Petitioner's second ground for relief.

There is likewise no merit to either Petitioner's Third Ground or Fourth Ground for relief—that, respectively, his 160-month sentence and the fifteen-year term of supervised release were excessive.

His client having received a twenty-eight-month downward variance, Petitioner's attorney would hardly have appealed that term. To do so would have invited a government cross-appeal and, potentially, an appellate court finding that I should have imposed a sentence within the Guideline Range.

The sentence was within the Guideline Range. As such, it was, as a practical matter, immune from challenge on appeal. *United States v. Draper*, 888 F.2d 1100, 1105 (6th Cir. 1989) ("A sentence which is within the Guidelines, and otherwise valid . . . is not appealable on the grounds that the sentencing judge failed to depart from the Guidelines . . . ."). Petitioner therefore cannot claim ineffective assistance due to a failure to appeal his claim that his 160-month sentence and ensuing fifteen-year term of supervised release were excessive.

On review, I confirm my determination at the conclusion of the plea-taking that the Petitioner's guilty plea was knowing, intelligent, and voluntary. (Apr. 21, 2021 Hr'g Tr. 35:7–11). There was no legitimate basis on which Petitioner could have appealed. Nor is there any

now for finding that his attorney in any way whatsoever failed to fulfill his duty to provide capable and competent representation.

In reaching this conclusion, I have disregarded neither the arguments the government's Response makes nor the Petitioner's opposition thereto. I have instead taken a more direct route, thereby upholding the integrity and sanctity of the Plea Agreement, the plea-taking proceeding, and the sentencing.

## Conclusion

The Petitioner has shown no reason in fact or law for finding any fault or failure on the part of his skilled, capable, and competent attorney.

It is, accordingly,

ORDERED THAT:

1. The Petition for relief under 28 U.S.C. § 2255 (Doc. 1012) be, and the same hereby is, denied.

2. I decline to issue a 28 U.S.C. §1915(a)(3) certificate of appealability. As explained above, the Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

SO ORDERED.

*/s/ James G. Carr*
Sr. U.S. District Judge